NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RASHAAD GLOVER, | : | |
| Petitioner, | : | Civil Action No. 16-4972 (CCC) |
| v. | : | **MEMORANDUM OPINION** |
| THE ATTORNEY GENERAL FOR THE STATE OF NEW JERSEY, et al., | : | |
| Respondents. | : | |

*Pro se* Petitioner Rashaad Glover, a prisoner confined at the New Jersey State Prison in Trenton, New Jersey, seeks to file a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner has declared that this Petition sets forth all grounds for relief and is his one, all-inclusive habeas petition. (ECF No. 1 at 17.) At this time, the Court must screen the Petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases. It appearing:

1. According to the Petition, pursuant to a guilty plea, Petitioner was convicted of aggravated manslaughter and other related crimes on May 4, 2012, and was sentenced on June 15, 2012 to 15 year's imprisonment. (ECF No. 1 at 2.) Petitioner admits that he did not appeal his conviction and sentence, nor did he file an application for post-conviction relief ("PCR"). (*Id.* at 3-4, 7.) The only claim raised in the Petition is that there was insufficient evidence to convict him of the crime. (*Id.* at 6.)

2. The Petition appears to be time-barred. Federal law requires that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). In most cases and in this particular

1

case, the one-year period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). Because Petitioner did not appeal his conviction and sentence, they became final, for the purposes of his federal habeas petition, at the expiration of time to file such an appeal. *Jimenez v. Quarterman*, 555 U.S. 113, 121 (2009). Under New Jersey court rules, Petitioner had 45 days to appeal his conviction and sentence, *see* N.J. Court Rules, R. 2:4-1(a), *Lombardi v. Masso*, 207 N.J. 517, 540-41 (2011), so his conviction and sentence became final on July 30, 2012, which started his one-year limitations period.

3. Federal law provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). That is, Petitioner's one-year limitations period would be statutorily tolled during the pendency of any state PCR application. However, here, Petitioner did not file a PCR application, so no statutory tolling applies. Because the Petition was filed on August 9, 2016, more than four years after his conviction became final, the Petition is statutorily time-barred.

4. The Court is aware that even if the statutory time bar has passed, Petitioner may overcome that limitation if he can show a basis for equitable tolling. *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001). Nonetheless, assuming, arguendo, the Petition was timely filed, it still suffers from other defects. First, because Petitioner did not appeal his conviction nor file a PCR application, he failed to exhaust his state court remedies as required by federal law. Federal statutory law requires a petitioner to exhaust state court remedies before he can raise a claim on federal habeas, and the Court cannot grant habeas relief if a claim has not been exhausted in state court. 28 U.S.C. § 2254(b) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant

2

to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State[.]"). The exhaustion requirement gives the state courts the "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Collins v. Sec'y of Pa. Dep't. of Corr.*, 742 F.3d 528, 542 (3d Cir. 2014) (quoting *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)). A state prisoner must exhaust the remedies available in state courts before bringing his federal habeas petition, unless "there is an absence of available state corrective process[] or . . . circumstances exist that render such process ineffective[.]" 28 U.S.C. § 2254(b)(1)(B). A claim is exhausted in state court only when the petitioner has presented the claim at each level of state court empowered to hear such claim, either on direct appeal or in post-conviction proceedings. *Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999)).

5. In the Petition, Petitioner asserts that he had withdrew his PCR application on the account that a reopening of his case may adversely affect the plea agreement he had negotiated, which could potentially result in a harsher sentence. (ECF No. 1 at 7.) That does not constitute good cause to excuse a failure to exhaust. The fact that Petitioner did not wish to risk a harsher sentence and forwent his opportunity to seek PCR was a choice he made, and cannot be used to bypass the exhaustion requirement. *See Camacho v. Pa. Dep't of Corr.*, No. 96-0012, 1996 WL 524109, at *3 (E.D. Pa. Sept. 17, 1996). Indeed, the purpose of a plea agreement is to provide finality to a criminal prosecution—Petitioner cannot seek to benefit from such an agreement while continuing to assert his right to contest the conviction. If Petitioner truly believed that he was innocent of his crime, and wished to challenge the indictment at trial to prove his innocence, he could have simply chosen to reject the plea agreement. "[A] counseled plea of guilty is an admission of factual guilt

so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case." *Menna v. New York*, 423 U.S. 61, 62 n.2 (1975).

6. Moreover, the guilty plea also foreclosed Petitioner's claim that the conviction was obtained without sufficient evidence. When a defendant enters into a counseled, intelligent, and voluntary plea agreement, "he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *see United States v. Whitmer*, 505 F. App'x 167, 173 (3d Cir. 2012). As the Court stated above, if Petitioner truly believed in his innocence, he should have challenged the indictment at trial to prove his innocence. The fact that Petitioner pled guilty foreclosed any argument that he was innocent of the crime—the admission of factual guilt is the very definition of a guilty plea. *Menna*, 423 U.S. at 62 n.2. Accordingly, the Petition is dismissed with prejudice for failure to state a claim upon which relief may be granted.

7. Lastly, the Court denies a certificate of appealability. Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, no certificate of appealability shall issue.

8. An appropriate Order accompanies this Memorandum Opinion.

Date: September 28, 2017

**Claire C. Cecchi**
United States District Judge